IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CRAIG D. ANDERSON

        Plaintiff,

   v.

ZFC LEGAL TITLE TRUST I, U.S.
BANK NATIONAL ASSOCIATION AS
TRUSTEE; ZAIS FINANCIAL
CORPORATION; FAY SERVICING,
LLC; FEIN, SUCH, KAHN &
SHEPARD, P.C.; WELLS FARGO
BANK; WACHOVIA MORTGAGE
CORPORATION; M.E.R.S. INC.;
CITI; MARK BISCHOF; XEE MOUA;
CINDY SMITH; NICOLE SIMMONS;
LAUREN POWELL; SUSAN E.
BALFANZ

        Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-1499 (JBS/KMW)

**OPINION**

APPEARANCES:

Mr. Craig D. Anderson
2432 Bayberry Ct.
Mays Landing, NJ 08330
    Plaintiff, pro se

Ben Zev Raindorf, Esq.
Joshua B. Sears, Esq.
FEIN SUCH KAHN & SHEPARD PC
7 Century Dr.
Parsippany, NJ 07054
    Attorneys for Defendants ZFC Legal Trust I, U.S. Bank
    National Association as Trustee, Zais Financial
    Corporation, Fay Servicing, LLC, Fein, Such, Kahn &
    Shepard, P.C., and M.E.R.S., Inc.

Diane A. Bettino, Esq.
Laura K. Conroy
REED SMITH LLP

```
136 Main St., Suite 250
Princeton, NJ 08540
     Attorneys for Defendants Wells Fargo Bank, Wachovia
     Mortgage Corp., Mark Bischof and Susan Balfanz

Kathleen H. Dooley, Esq.
McGUIRE WOODS, LLP
100 N. Tryon St.
Charlotte, NC 28202
     Attorney for Defendant Xee Moua
```

**SIMANDLE, Chief Judge:**

## I.    INTRODUCTION

Presently before the Court are the motions to dismiss filed by ZFC Legal Title Trust I, U.S. Bank National Association as Trustee (hereinafter "ZFC"), Zais Financial Corp. (hereinafter "Zais"), Fein, Such, Kahn & Shepard, P.C. (hereinafter "Fein Such"), Fay Servicing LLC (hereinafter "Fay Servicing"), Wells Fargo Bank (hereinafter "Wells Fargo"), Wachovia Mortgage Corp. (hereinafter "Wachovia"), Mark Bischof (hereinafter "Bischof"), Xee Moua (hereinafter "Moua"), Susan Balfanz (hereinafter "Balfanz"), and MERS, Inc. (hereinafter "MERS") (collectively "Defendants")[Docket Items 6, 14, 17, 21.]  For the following reasons, the Court grants the Defendants' motions to dismiss Plaintiff's Complaint with prejudice as to all federal claims, and without prejudice as to all state law claims for lack of supplemental jurisdiction.

## II.  BACKGROUND[1]

Pro se Plaintiff Craig D. Anderson (hereinafter "Mr.
Anderson") applied for and was granted a mortgage loan from
Wachovia Mortgage Corp. to purchase residential property at 2432
Bayberry Ct., Mays Landing, NJ 08330 on February 26, 2007. (Ex.
C. to Compl.)  Plaintiff's loan was evidenced by an Initial
Interest Note for $116,000 and secured by a mortgage on the
property to Wachovia Mortgage Corp., both dated February 26,
2007. (Id.)

On May 8, 2009, Mortgage Electronic Registration Systems,
Inc., (hereinafter "MERS") as nominee for Wachovia Mortgage
Corp., assigned the mortgage to Wachovia. (Ex. E. to Compl.)  On
June 17, 2013, Wells Fargo Bank, after acquiring Wachovia,
assigned the mortgage back to MERS. (Id.)  Mr. Anderson
defaulted on the monthly mortgage payments beginning with the
October 1, 2013 payment, and has not paid since. (Id. at Ex. Q.)
On September 15, 2014, Defendant Fay Servicing sent Plaintiff a
letter explaining that it was servicing his loan with Defendant
ZFC, and that Plaintiff's Note and Mortgage was in default as a
result of Plaintiff's failure to make payments. (Id. at Ex. M,

---

[1] For purposes of the pending motion, the Court accepts as true
the version of events set forth in Plaintiffs' Complaint,
documents explicitly relied upon in the Complaint, and matters
of public record.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d
Cir. 2014).

Q.)  On January 16, 2015, MERS assigned the Mortgage to ZFC
Legal Title Trust I, U.S. Bank National Association as Trustee.
(Id. at Ex. E.)  On March 2, 2015, ZFC filed a Complaint for
Foreclosure in the Superior Court of New Jersey, Chancery
Division, Atlantic County. (Id. at Ex. O.)  Mr. Anderson did not
respond to the Complaint for Foreclosure and default was entered
against him on April 27, 2015. (Id.)  Defendants note that Mr.
Anderson filed a Motion to Vacate Default in the Foreclosure
Action, but it was denied on April 19, 2016. (ZFC Br. at 1, 4.)

On March 17, 2016, Mr. Anderson filed this action against
Defendants. [Docket Item 1.]  Plaintiff generally alleges that
defendants Wachovia and Wells Fargo forged signatures of the
individuals signing on behalf of the grantors, forged signatures
of the witnesses and the notaries, utilized effective dates
unrelated to the date of any actual or attempted transfer, and
prepared assignments on behalf of grantors who had never
themselves acquired ownership of the mortgage and note by a
valid transfer. (Compl. at 7.)  Plaintiff further alleges that
when Defendants ZFC, Fay Servicing, Wachovia and Wells Fargo
"discovered that the mortgage assignments were missing, they
together with the default management and/or mortgage loan
documentation companies, devised and operated a scheme to
replace the missing assignments with fraudulent, fabricated
assignments." (Id. at 6.)  Defendant ZFC then filed these

4

documents "in the [state] court and filed in the county record that the trust was the proper party to foreclose on the mortgage." (Id. at 7.)  While portions of Plaintiff's complaint concern allegations of widespread fraudulent mortgage assignments around the country, Plaintiff claims that he hired "two foreclosure special[ists] who discovered a forged mortgage assignment filed in his foreclosure [action]" by Defendant ZFC. (Id. at 8.)

Plaintiff asserts claims of mortgage fraud, wire fraud, mail fraud, and extortion against Defendants Wachovia, Wells Fargo, MERS, Fay Servicing, ZFC, Zais Financial, Fein Such, and alleged robo-signers Bischof, Moua, Hood, Smith, Simmons, Powell, and Balfanz. (Id. at Ex. A.)  He asserts a separate conspiracy claim against Defendants MERS, Fay Servicing, Fein Such, and the alleged robo-signers noted above. (Id.)  He asserts a claim of "using a fraud (sic) law firm" against Defendant Fay Servicing and a host of additional claims against Defendants Zais Financial and ZFC.[2] (Id.)  Regarding Defendant Fein Such, Plaintiff claims that the law firm "has a 3/4 min video on Youtube for doing fraudulent documents on mortgages [that] are now being used by [Defendant ZFC] in it's (sic)

---

[2] These include "using false signers," "using a notary to sign off on [his] assignment of mortgage," "using a fraud law firm," "wrongful use of M.E.R.S. to sign a mortgage over [to him]," and "having fraud papers of [his] original note." (Ex. A to Compl.)

default management processes." (Id. at 9.)  Plaintiff seeks to "recover damages and civil penalties arising from the false claims and false statements made by the defendants." (Id. at Ex. A.)  The Complaint asserts this Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over related claims arising under state law pursuant to 28 U.S.C. § 1367. (Id. at ¶ II.A and page 8 "Jurisdiction and Venue.")

Defendants Fay Servicing, Fein Such, and AFC filed their motion to dismiss Plaintiff's Complaint on May 9, 2016. [Docket Item 6.]  Plaintiff's opposition to that motion was received on June 3, 2016. [Docket Item 13.]  Defendants Balfanz, Bischof, Wachovia, and Wells Fargo filed their motion to dismiss on June 20, 2016 [Docket Item 14], to which Plaintiff filed no opposition.  Defendant Moua filed her motion to dismiss on September 20, 2016 [Docket Item 17], to which Plaintiff likewise filed no opposition.  Defendant MERS filed its motion to dismiss on October 11, 2016. [Docket Item 21.][3]  Plaintiff filed untimely and unresponsive an opposition to MERS' motion to dismiss on December 8, 2016 [Docket Item 24], as addressed below.[4]

---

[3] Defendants Citi, Hood, Smith, Simmons, and Powell have yet to be served, and the time to do so under Rule 4(m), Fed. R. Civ. P., namely 90 days after the Complaint was filed, has expired.
[4] On October 5, 2016, Plaintiff requested an extension of time to file his opposition papers against the outstanding motions. [Docket Item 22.]  The Court granted the request, but only with

### III. STANDARD OF REVIEW

#### A. Rules 12(b)(2), 12(b)(4), and 12(b)(5)

This standard governs Defendant Moua's motion to dismiss for lack of personal jurisdiction and improper service of pleadings. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Under Rule 12(b)(4), Fed. R. Civ. P., a party may file a motion asserting insufficient process as a defense. Additionally, under Rule 12(b)(5), Fed. R. Civ. P., a party may file a motion asserting insufficient service of process as a defense. "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." Laffey v. Plousis, No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008), aff'd, 364 F. App'x 791 (3d Cir. 2010).

To defeat a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), Fed. R. Civ. P., "the plaintiff bears the burden of establishing with reasonable

---

respect to Defendant MERS' Motion to Dismiss, and set a deadline for December 2, 2016. [Docket Item 23.] Plaintiff filed an untimely Opposition on December 8, 2016, and not only did he discuss the wrong legal standard (summary judgment instead of motion to dismiss), but he also failed to address the merits of Defendant MERS' dismissal motion. [Docket Item 24.] There is also no indication that Plaintiff served his Opposition on opposing counsel.

particularity sufficient contacts between the defendant and the
forum state to support jurisdiction." Flagship Interval Owner's
Ass'n, Inc. v. Philadelphia Furniture Mfg. Co., No. 09-1173,
2010 WL 1135736, at *3 (D.N.J. Mar. 22, 2010) (quoting Provident
Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d
Cir. 1987)).  The plaintiff "must sustain its burden of proof in
establishing jurisdictional facts through sworn affidavits or
other competent evidence." Turner v. Boyle, No. 12-7224, 2013 WL
1409903, at *3 n. 1 (D.N.J. Apr. 8, 2013) (citing Time Share
Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61 (3d Cir.
1984)); Patterson by Patterson v. F.B.I., 893 F.2d 595, 603-04
(3d Cir. 1990).  Courts may rely upon matters outside the
pleadings to determine jurisdictional facts. Turner, 2013 WL
1409903, at *3 n. 1.

Where, as here, no evidentiary hearing was held on the
jurisdictional issue, "the plaintiff[s] need only establish a
prima facie case of personal jurisdiction and the plaintiff[s]
[are] entitled to have [their] allegations taken as true and all
factual disputes drawn in [their] favor." O'Connor v. Sandy Lane
Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (quoting
Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d
Cir.2004)).  A plaintiff "may meet this burden by establishing
that the court has either 'general' or 'specific' jurisdiction."
Merco, Inc. v. S. Cal. Edison Co., No. 06-5182, 2007 WL 1217361,

8

at *3 (D.N.J. Apr. 24, 2007) (citing Provident Nat'l Bank, 819 F.2d at 437).  The Court can exercise specific jurisdiction when the defendant purposely directs its activities at the forum, the litigation arises out of at least one of those activities, and the exercise of jurisdiction would "comport with 'fair play and substantial justice.' " O'Connor, 496 F.3d at 317 (quoting Burger King v. Rudzewicz, 471 U.S. 462, 463 (1985)). If a defendant maintains "continuous and substantial" forum contacts, general jurisdiction can be exercised. Id. at 321.

### B. Rule 12(b)(6)

This standard governs the remaining motions to dismiss for failure to state a claim.  Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).  While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

Where a plaintiff proceeds pro se, the court must "liberally construe" the complaint and hold it to "less stringent standards than formal pleadings drafter by lawyers." Erickson v. Pardus, 551 U.S. 89, 93 (2007). Even still, "pro se litigants must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

## IV.  DISCUSSION

### A. Lack of Personal Jurisdiction and Improper Process

Defendant Moua seeks to dismiss Plaintiff's Complaint under Rule 12(b)(2) for lack of personal jurisdiction and Rules

12(b)(4) and 12(b)(5) for insufficiency of process and service of process, respectively.  In his Complaint, Plaintiff characterizes her as a "robo-signer" because she notarized the June 17, 2013 assignment of Plaintiff's mortgage from Wells Fargo to MERS. (Exs. A, E, J to Compl.)  Moua asserts that the Court lacks specific personal jurisdiction over her because she does not have minimum contacts with New Jersey, and that general personal jurisdiction is lacking because any contacts with New Jersey are not continuous or systematic.[5] (Moua Br. at 8-9.) Moua, a Loan Servicing Specialist who lives in North Carolina, states in an affidavit that she has never resided in New Jersey, owns no property in the state, conducts no business in New Jersey, and has no bank accounts or other assets in the state. (Moua Decl. ¶¶ 2-6.)  Moua's unopposed affidavit is thus a sufficient evidentiary basis to support that the conclusion that there is no specific or general personal jurisdiction over her in this case.

Defendant Moua further challenges Plaintiff's process under Rule 12(b)(4) because the content of the summons only bears Moua's name, with no address, and that the service of process under 12(b)(5) was deficient because (1) Moua has never actually been served, and (2) Moua has not authorized Wells Fargo, its

---

[5] Plaintiff submitted no opposition to Defendant Moua's motion to dismiss.

attorneys, or any person in New Jersey to accept service on her
behalf. (Moua Br. at 9-10; Moua Decl. at ¶¶ 7-8, 10.)   The Court
agrees that process and service of process was deficient, as
Moua's unopposed affidavit states that Plaintiff never actually
served her with a copy of any summons or complaint. (Moua Decl.
at ¶ 10.)   Because Moua has not been served within 90 days after
Plaintiff's Complaint was filed, see Rule 4(m), Fed. R. Civ. P.,
the Court will dismiss Plaintiff's Complaint with respect to
Moua without prejudice.[6]

**B. Failure to State a Claim**

Defendants ZFC Legal Trust, et al., Wells Fargo Bank, N.A.,
et al., and MERS, Inc. seek to dismiss the Complaint under Rule
12(b)(6), Fed. R. Civ. P., for failure to state a claim.[7]   For
the following reasons, the Court agrees and will grant
Defendants' motions.

**1. Mail and Wire Fraud**

Plaintiff alleges mail and wire fraud violations under 18
U.S.C. §§ 1341-43.[8]   The mail fraud statutes, 18 U.S.C. §§ 1341-

---

[6] The Court therefore does not reach Defendant Moua's alternative
arguments regarding her motion to dismiss under Rule 12(b)(6).
[7] Plaintiff only pleads federal question jurisdiction under 28
U.S.C. § 1331, and his Complaint cites 31 U.S.C. § 3732 in its
jurisdictional statement ["Jurisdiction and venue, subpart A"],
so the Court will address only Plaintiff's claims based on
federal law, (Compl. at 2), upon which this Court's jurisdiction
depends.
[8] Plaintiff also alleges a claim under 18 U.S.C. § 1344 (bank
fraud) (Compl. at 9), but this also fails to state a claim for

12

42, apply only where the defendant uses the U.S. mails as "part of the execution" of a fraudulent scheme. <u>Schmuck v. United States</u>, 489 U.S. 705, 710 (1989).  The wire fraud statute, 18 U.S.C. § 1343, "is identical to the mail fraud statute except it speaks of communications transmitted by wire," <u>i.e.</u>, telephone, radio, or television, and does not apply to intrastate communications. <u>United States v. Frey</u>, 42 F.3d 795, 797 (3d Cir. 1994).  However, "[t]here is no private cause of action for a violation of the federal mail and wire fraud statutes." <u>Marley v. Donahue</u>, 133 F. Supp. 3d 706, 719 (D.N.J. 2015)(quoting <u>Addlespurger v. Corbett</u>, 461 F. App'x 82, 87 (3d Cir. 2012)). Such claims can only be brought by the government as criminal charges.  Thus, Plaintiff fails to state a claim for relief against Defendants on both of these counts, and they will be dismissed.

### 2. Identity Theft

Next, Plaintiff asserts that Defendants generally violate 18 U.S.C. § 1028, which criminalizes the production, possession, and use of false identification documents and document-making equipment. Like the mail fraud and wire fraud claims however, 18 U.S.C. § 1028 "provide[s] no private right of action for use by

---

the same reason that the mail and wire fraud claims fail. <u>See</u> <u>Beale v. Rubin & Rothman, LLC</u>, No. 08-4279, 2009 WL 1916322, at *5 (D.N.J. June 29, 2009) (finding no private right of action under 18 U.S.C. § 1344).

a litigant" such as Plaintiff. Obianyo v. Tennessee, 518 F.
App'x 71, 72 (3d Cir. 2013) (citing Gonzaga Univ. v. Doe, 536
U.S. 273, 283-84 (2002)).  As a result, Plaintiff cannot state a
claim for relief under this statute, and such allegations will
be dismissed.

### 3. False Claims Act

Plaintiff generally alleges that his claims are brought
pursuant to the federal False Claims Act, 31 U.S.C. §§ 3729-
3733. (Compl. at 7-8.)  To establish a prima facie case under
the False Claims Act, a plaintiff must prove: (1) the defendant
presented or caused to be presented to an agent of the United
States a claim for payment; (2) the claim was false or
fraudulent; and (3) the defendant knew the claim was false or
fraudulent. Hutchins v. Wilentz, Goldman & Spitzer, 253 F.3d
176, 182 (3d Cir. 2011).  A private individual, otherwise known
as a relator, may bring a civil action in the name of the United
States to enforce this provision of the False Claims Act and may
share a percentage of any recovery resulting from the suit. 31
U.S.C. § 3730(b) & (d).  The False Claims Act has nothing to do
with the subject matter of Plaintiff's Complaint, as Plaintiff
states no facts indicating that his case has anything to do with
defrauding a government program, let alone alleging that any
defendant has made a false claim to the federal government for
money arising from Plaintiff's mortgage or indebtedness.

14

Moreover, a pro se litigant may not pursue a qui tam action on behalf of the Government. <u>Gunn v. Credit Suisse Group AG</u>, 610 F. App'x 155, 157 (3d Cir. 2015).  As a result, to the extent Plaintiff asserts claims under the False Claims Act, they are dismissed.

### 4. Extortion/FDCPA

Plaintiff asserts a general claim of extortion against Defendants ZFC, Fay Servicing and Fein Such.  To the extent that this claim is interpreted as a violation of the Hobbs Act, 18 U.S.C. § 1951, it is barred because that is a criminal provision that does not give rise to a private cause of action. <u>See</u> <u>Brookhart v. Rohr</u>, 385 F. App'x 67, 70 (3d Cir. 2010) ("The Hobbs Act provide only for criminal sanctions and not civil relief.").  Section 1951(b)(2) defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."  The Complaint does not identify one instance of threatening forceful or violent conduct by Defendants. Plaintiff therefore fails to state a claim under the Hobbs Act.

Plaintiff's extortion claims could also be liberally construed as an FDCPA claim, given that Plaintiff describes Defendant ZFC and Defendant Fay Servicing as "Debt Collectors" and even attaches a copy of a portion of the FDCPA to his

Complaint. (Ex. O. to Compl.)  The FDCPA affords "a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors." <u>Pollice v. Nat'l Tax Funding</u>, L.P., 225 F.3d 379, 400 (3d Cir. 2000) (citing <u>Zimmerman v. HBO Affiliate Grp.</u>, 834 F.2d 1163, 1167 (3d Cir. 1987)). The FDCPA's definition of "debt collector" does not exclude entities "seeking to collect debts they have purchased from another that were already in default." <u>Skinner v. Asset Acceptance, LLC</u>, 876 F. Supp. 2d 473, 476 (D.N.J. 2012).

Plaintiff identifies five statements in the Defendant Fay Servicing's September 15, 2014 Notice of Intent to Foreclosure that he states are false and misleading under 15 U.S.C. § 1692(e). (Ex. M. to Compl.)  However, this Court has subject matter jurisdiction over Plaintiffs' FDCPA claims only if brought "within one year from the date on which the violation occurs." <u>See</u> 15 U.S.C. § 1692k(d). <u>See also</u> <u>McLaughlin v. Phelan Hallinan & Schmieg, LLP</u>, 756 F.3d 240, 245 n.8 (3d Cir. 2014) (noting that district court's jurisdiction was pursuant to Section 1692k(d)); <u>Toritto v. Portfolio Recovery Assocs., LLC</u>, No. 14-7034, 2016 WL 1354946, at *2 (D.N.J. Apr. 5, 2016)(declining to consider Plaintiffs' FDCPA claims on statute of limitations grounds).  Here, Defendant Fay Servicing sent its Notice on September 15, 2014, and Plaintiff did not file his Complaint in this Court until March 17, 2016, well after the

statute of limitations had expired.  Upon its face, Plaintiff's FDCPA claims are untimely under 15 U.S.C. § 1692k(d), and such claims must also be dismissed.

### 5. State law claims

With Plaintiff's federal claims—the bases for this Court's subject matter jurisdiction—having been dismissed, the Court is left with a discretionary choice as to whether it will retain supplemental jurisdiction under 28 U.S.C. § 1367 over the Complaint's various state law claims, including mortgage fraud, conspiracy, forgery, intentional and negligent infliction of emotional distress and wrongful foreclosure. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); New Rock Asset Partners, LP v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1508 (3d Cir. 1996) (noting that dismissal of the jurisdiction-granting claim "triggers a discretionary decision on whether jurisdiction over a state law claim should be declined pursuant to § 1367(c)(3)").  The Third Circuit has instructed that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties

17

provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Plaintiff's state court foreclosure proceeding has not yet reached a final judgment and thus, Plaintiff's claims may still be vindicated there or through the state appellate process. See, e.g., St. Clair v. Wertzberger, 637 F. Supp. 2d 251, 255 (D.N.J. 2009); Ruffolo v. HSBC Bank USA, N.A., No. 14-638, 2014 WL 4979699, at *4. Given the ongoing foreclosure litigation in state court where Plaintiff can call upon the state court to examine and redress the allegedly fraudulent filings and signatures,[9] the court declines to exercise its supplemental jurisdiction over the Complaint's state law claims and those claims are therefore dismissed without prejudice. Furthermore, the Court notes that if it were to exercise supplemental jurisdiction over such claims, it would be intruding into the specialized area of mortgage foreclosure which is already before the Superior Court of New Jersey; this federal court would be called upon to duplicate or interfere with the ongoing state foreclosure proceedings. Declining the exercise of supplemental jurisdiction in this case serves the purposes of "wise judicial administration giving regard to conservation of judicial

[9] See, e.g., Sheldrick, 2016 WL 7325473, at *6 (explaining that it is well-established law in New Jersey that fraud is a defense to foreclosure).

resources and comprehensive disposition of litigation" that also undergirds the <u>Colorado River</u> abstention doctrine, <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976).  Accordingly, this Court declines to exercise jurisdiction over state law claims under 28 U.S.C. § 1367(c)(3), and such state law claims are dismissed without prejudice to attempting to assert same in a court of competent jurisdiction.

**V.   CONCLUSION**

An accompanying Order will be entered, dismissing all federal claims with prejudice and all state law claims without prejudice for lack of subject matter jurisdiction.


**December 22, 2016**                         **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              Chief U.S. District Judge